Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
JOHN CHOI

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| JOHN CHOI,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC RECOVERY SOLUTIONS, LLC,<br><br>Defendant. | **Case No.:** 2:20-cv-846<br><br>**PLAINTIFF'S COMPLAINT** |

## PLAINTIFF'S COMPLAINT

Plaintiff, JOHN CHOI ("Plaintiff"), through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA).

2. Count II of the Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

7. Plaintiff is a consumer as that term is defined by the FDCPA and RFDCPA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and RFDCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA and

RFDCPA.

10. Within the past year of Plaintiff filling this complaint, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in Getzville, New York.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

PLAINTIFF'S COMPLAINT

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff not owed by Plaintiff.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

20. Within the past year of Plaintiff filing this Complaint, Defendant began calling Plaintiff on Plaintiff's telephone at xxx-xxx-3116, in an attempt to collect the alleged debt.

21. Since Defendant began calling Plaintiff, Defendant has left the following voicemail messages on Plaintiff's telephone:

    a. "This message is solely intended for Joanna Choi. We have been attempting to reach you in regards to a legally required notice placed in our office for you. Please contact us back at your earliest convenience. 855-319-2711."

    b. "Hi, my name is Julie. Please return my call to 866-264-0498. Again, my number is 1-866-264-0498. Thank you."

22. The telephone numbers 855-319-2711 and 866-264-0498, are two of Defendant's telephone numbers.

23. The voicemail messages left on Plaintiff's telephone did not disclose the communication was from Atlantic Recovery Solutions.

24. The voicemail messages left on Plaintiff's telephone did not disclose that the communication was from a debtor collector and that any information obtained will be used for that purpose.

25. Defendant is or should be familiar with the FDCPA and the RFDCPA.

26. Defendant knows or should know the FDCPA and the RFDCPA require a debt collector to disclose the caller's identity when communicating with a consumer.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and re-alleges paragraphs 1-26 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

28. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without disclosure of the caller's identity, when Defendant left voicemail messages on Plaintiff's telephone without disclosing the communication was from Atlantic Recovery Solutions; and

    b. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, JOHN CHOI, respectfully requests judgment be

entered against Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC, for the following:

29. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

31. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and re-alleges paragraphs 1-26 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

33. Defendant violated the RFDCPA based on the following:

   a. Defendant violated § 1788.11(b) of the RFDCPA by placing telephone calls without disclosure of the caller's identity, when Defendant left voicemail messages on Plaintiff's telephone without disclosing the communication was from Atlantic Recovery Solutions; and

   b. Defendant violated the § 1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, JOHN CHOI, respectfully requests judgment be entered against Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC, for the following:

34. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

35. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

36. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: January 28, 2020           By: /s/ Michael S. Agruss
                                      Michael S. Agruss
                                      Attorney for Plaintiff

PLAINTIFF'S COMPLAINT